**In the Matter of C.S.**

**Lilac Parker, Appellant–Respondent,**

v.

**Putnam County Office of Family and Children, and Christine Lane, Appellees–Petitioners,**

**Larry Simpson, Appellee–Respondent.**

No. 67A01–9807–JV–252.

Court of Appeals of Indiana.

June 30, 1999.

John R. McKay, Hickam and Hickam, Spencer, Indiana, Attorney for Appellant.

---

**2.** The appellants have not provided this court with a transcript of the summary judgment hear- ing.

James L. Lowry, Kendall Wood Lowry & Kessinger, Danville, Indiana, Attorney for Appellee.

## OPINION

MATTINGLY, Judge

Lilac Parker (Mother) appeals the entry of a guardianship over her child, C.S. She raises two issues, which we restate as whether the trial court properly entered the guardianship when a Child in Need of Services (CHINS) action involving the child was pending before it and when a custody modification action involving the child was pending in another county.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

On April 7, 1997, the Putnam County Office of Family and Children (the OFC) filed a petition in the Putnam Circuit Court alleging that C.S. was in need of services. C.S. was removed from Mother's home at that time and was placed with her paternal grandmother, Christine Lane (Grandmother). The paternity of C.S. had previously been established in the Owen Circuit Court and custody awarded to Mother. A petition to modify custody filed in Owen County in May of 1997 was continued by that Court pending the disposition of the CHINS proceeding.

After a hearing, the Putnam Circuit Court determined on September 23, 1997 that C.S. was in need of services and declared C.S. a ward of that Court. The Court ordered that C.S. was to continue to reside with Grandmother. In a separate action in December of 1997, Grandmother petitioned in the Putnam Circuit Court to be appointed the legal guardian of C.S. Mother objected on grounds

"the CHINS action takes precedence over any other filing in this particular matter, and the relief requested cannot be granted due to the pre-eminent nature of the CHINS proceeding[.]" R. at 130.

On March 5, 1998 and May 28, 1998, the Putnam Circuit Court held hearings in which it purported to address both the guardianship petition and the CHINS action.[1] In an order issued under the CHINS cause number on June 2, 1998, the Putnam Circuit Court ordered that the guardianship petition be granted and "[t]hat jurisdiction over [C.S.] under this cause be relinquished and this cause closed." Id. at 107.

On June 30, 1998, the Putnam Circuit Court issued an order under the guardianship cause number. It noted that it had previously determined C.S. to be a CHINS and that C.S. was in need of a guardian for that reason and because of her minority. It further noted that efforts to reunify C.S. and her parents had been unsuccessful and that continued placement of C.S. outside the parents' home was necessary. It thus granted Grandmother's petition to be appointed guardian for C.S.

### DISCUSSION AND DECISION

Mother argues the Putnam Circuit Court should have dismissed the guardianship petition when it was filed during the pendency of the CHINS action.[2] We agree. The filing of Grandmother's guardianship petition and the hearings on that petition took place while C.S. was the subject of a CHINS proceeding and thus the guardianship proceedings were conducted in the absence of subject-matter jurisdiction.

---

1. At the March 5 hearing, the judge announced that "We are on record now for [the CHINS cause]. As I also understand, we have before the court as well a guardianship cause...." R. at 164. At that hearing, Mother's counsel objected to the court's consideration of the guardianship petition on grounds the court lacked jurisdiction over the guardianship by virtue of the pendency of the CHINS action.

   At the May 28 hearing, the judge mentioned only the CHINS cause number, but the guardianship was also discussed: "Remember, it's a guardianship that we're talking about. It's a

guardianship we're talking about. The OFC is going to dismiss this [CHINS] case as soon as we figure out the reimbursement costs." Id. at 245.

2. Because we hold the Putnam court lacked jurisdiction to conduct the proceedings which gave rise to the guardianship order, we need not address Mother's alternative argument that once the Putnam court relinquished its jurisdiction over the CHINS action, jurisdiction over C.S. returned to the Owen court where the custody modification action was pending.

The initiation of a CHINS proceeding places the subject matter of child custody exclusively within the juvenile court's jurisdiction to adjudicate, and no other court may exercise such jurisdiction while that CHINS proceeding is pending. *Alexander v. Cole,* 697 N.E.2d 80, 82–83 (Ind.Ct.App.1998). When the Putnam Circuit Court accepted the guardianship petition and subsequently addressed the guardianship in its hearings on March 5 and May 28, 1998, it was purportedly acting in its capacity as a probate court. However, on the date of those hearings, the custody of C.S. was exclusively within the juvenile court's jurisdiction to adjudicate because C.S. was still the subject of a CHINS proceeding. The petition and the hearings were therefore a nullity to the extent they purported to address the guardianship of C.S. The trial court could not properly accept the guardianship petition and the evidence yielded by those hearings could not provide a basis for the grant of Grandmother's guardianship petition.[3] Furthermore, the trial court improperly relinquished its CHINS jurisdiction over C.S. to the extent that action was premised on the grant of the guardianship order.

## CONCLUSION

Because a CHINS action was pending when the Putnam court, acting in its probate jurisdiction, accepted Grandmother's guardianship petition and conducted hearings on it, the probate court was acting without jurisdiction to accept the petition or to conduct evidentiary hearings on it. We reverse the guardianship order and the termination of the CHINS action and remand.

Reversed and remanded.

RILEY, J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting

The majority holds that the Putnam Circuit Court lacked subject matter jurisdiction to enter an order granting Grandmother's petition that she be appointed the guardian of C.S. This holding is premised upon the conclusion that the guardianship petition should have been dismissed because the CHINS matter was pending. This conclusion seems to rest, in turn, upon the idea that a guardianship and a CHINS disposition are mutually inconsistent. They are not.

I.C. 31–34–20–1(4) (West's Code Ann. Supp.1998) provides that a CHINS dispositional decree may "[a]ward wardship to a person or shelter care facility." The statute, however, specifically precludes a guardian so appointed from consenting to an adoption of the child. I.C. 31–34–29–1(4).

Be that as it may, wardship carries with it the creation of a relationship of guardian and ward. *See* I.C. 29–3–1–6 (West Code Ann. 1994) (defining "Guardian"). Furthermore, "ward" is defined as the state of being in guardianship. *Webster's Third New International Dictionary* 2575 (1993).

In this sense, I believe that a juvenile court may well have subject matter jurisdic-

---

3. The case before us presents the unusual situation where a single court—here, the Putnam Circuit Court—has both juvenile and probate jurisdiction and where the same judge might thus preside over cases in which each type of jurisdiction is implicated. We do not exalt form over function with our holding that one judge, presiding over a court with jurisdiction over both probate and juvenile matters, may not simultaneously conduct probate and juvenile proceedings involving the same child.

We recognize initially the need for a rule which will allow consistent application of the pertinent jurisdictional statutes to every county regardless of the number of courts in the county or the structure of the county court system. We further note that probate and juvenile proceedings to which the same child is subject will seldom involve the same parties. *See, e.g.,* Ind.

Code § 31–34–9–7 (county office of family and children and guardian ad litem or court appointed special advocate are parties to CHINS proceedings).

In *State ex rel. Camden v. Gibson Circuit Court,* 640 N.E.2d 696, 700 (Ind.1994), our supreme court suggested in the criminal context that the unique nature of juvenile proceedings requires a strict separation of juvenile jurisdiction from that of other courts. It described the difference between a criminal charge filed in adult court and a delinquency charge filed in juvenile court as "more than merely formal," and noted that "this is true even when, as in this case, the same judge would be presiding over either adult or juvenile proceedings." *Id.* We believe the unique nature of the CHINS proceeding requires a similar separation from matters of probate jurisdiction.

tion coexistent with that of a probate court with regard to appointment of a guardian. Although the Putnam Circuit Court, perhaps, should have transferred the formal request for appointment of a guardian to the CHINS cause number and made the appointment in that cause, the order is not rendered invalid for lack of subject matter jurisdiction. In setting aside the guardianship order and reinstating the CHINS proceeding, the majority unnecessarily elevates form over substance.

I would affirm the order appointing Christine Lane as guardian of C.S. subject, however, to the caveat that such appointment does not include the right of the guardian to consent to adoption of the child.