733 N.E.2d 4 (2000)
In re the Matter of the ADOPTION OF E.B.
Dorinda Bond and Larry Bond, Appellants,
v.
Keith Bracey, Appellee.
No. 71A04-0001-CV-44.
Court of Appeals of Indiana.
June 23, 2000.
Publication Ordered August 4, 2000.
Transfer Denied October 23, 2000.
Charles P. Rice, South Bend, Indiana, Attorney for Appellant.
Fred R. Hains, Rochelle S. Cotter, Fred R. Hains & Associates, South Bend, Indiana, Attorneys for Appellee.

OPINION
DARDEN, Judge.

STATEMENT OF THE CASE
Dorinda and Larry Bond appeal the trial court's denial of their petition to adopt Keith Bracey's daughter, E.
We affirm.

*5 ISSUE

Whether the trial court erred in denying the petition.

FACTS
E. was born on July 12, 1993. In March 1994, Bracey stipulated to her paternity and agreed to allow E.'s mother to maintain custody. In December 1994, E. was placed in foster care with Dorinda. Bracey was given custody of E. in April 1997, and three months later, he and E. moved to Georgia. In the fall of 1997, Bracey and E. returned to Indiana to visit relatives. E. visited Dorinda and E.'s half-sister, who was in foster care with Dorinda. Dorinda noticed belt marks on E.'s back. In December 1997, E. again visited her half-sister and Dorinda, who noticed further signs that E. had been abused. Dorinda contacted the South Bend Office of Family and Children ("OFC"), and E. was placed in foster care with Dorinda.
In January 1998, OFC filed a petition alleging that E. was a Child in Need of Services (CHINS). One month later, OFC's initial case plan listed reunification with Bracey as E.'s permanent plan. Bracey followed all of the plan's requirements, including attending anger management and parenting classes. In August 1998, OFC recommended the reunification of Bracey and E; however, because Bracey lived in Georgia, the State of Georgia had to approve an interstate compact to facilitate the reunification. Before the compact was approved and while the CHINS proceeding was still pending, Dorinda filed a petition to adopt E., and was joined in that petition by her new husband, Larry. Bracey responded with a motion to contest the adoption. The trial court denied the Bonds' petition.

DECISION
The Bonds argue that the trial court erred in denying their petition. We disagree.
The facts of this case are substantially similar to those in In the Matter of C.S., 713 N.E.2d 863 (Ind.Ct.App.1999), wherein C. was adjudicated to be a CHINS and placed with her paternal grandmother. During the pendency of the CHINS proceedings, the grandmother, in a separate action, petitioned the Putnam Circuit Court to appoint her to be C.'s legal guardian. The trial court granted the petition, and C.'s mother appealed.
We noted that the initiation of a CHINS proceeding places the subject matter of child custody exclusively within the juvenile court's jurisdiction. Id. at 865. No other court may exercise such jurisdiction while that CHINS proceeding is pending. Id. We concluded that because the CHINS action was pending in juvenile court when the grandmother filed her guardianship petition in the Putnam Probate Court, the probate court did not have jurisdiction to grant it. Id. We therefore reversed the guardianship order. Id.
Here, because the CHINS action was pending in juvenile court when the Bonds filed their petition to adopt in the Saint Joseph Probate Court, the probate court did not have jurisdiction to grant it. Accordingly, the trial court did not err in denying the petition. See also Fox v. Arthur, 714 N.E.2d 305, 307 (Ind.Ct.App. 1999)("[T]he commencement of a CHINS proceeding vests exclusive jurisdiction in the juvenile court, and no other Indiana court has jurisdiction to entertain any proceedings which conflict with that exclusive jurisdiction."); In re B.W., 709 N.E.2d 370 (Ind.Ct.App.1999).
We further note that the Bonds' reliance on In the Matter of the Adoption of T.B., 622 N.E.2d 921 (Ind.1993), is misplaced because the facts therein are distinguishable from those before us. In T.B., Donna Sudis adopted eleven year-old T. in 1986, after the parental rights of T.'s birth mother were terminated. Five years later in July 1991, T. ran away from home and Sudis sought the intervention of the Lake County Juvenile Court. The court found T. to be a CHINS and placed her in a *6 residential facility. Two months later, Sudis filed a petition to revoke the adoption in Lake Circuit Court, the court which had originally granted the adoption. The court granted the petition.
On transfer, our supreme court found that the Lake Circuit Court had jurisdiction to grant the petition. Id. at 924. According to the supreme court, the CHINS proceeding and the adoption revocation were separate proceedings which affected different rights. Id. Specifically, the CHINS proceeding was directed at helping T. by assuring that she received necessary assistance, and the adoption proceeding was directed at severing the parental relationship between T. and Sudis. Id.
Here, however, we agree with Bracey that "the fact situation in the present action takes it outside the holding of T.B." Bracey's Brief, p. 24. First, the CHINS proceeding, while providing services to Bracey and E., was directed at reunifying the father and daughter. Second, the adoption proceeding involved a third party attempting to adopt a child when her father's parental rights had never been terminated.
We find no error here and affirm the trial court's denial of the Bonds' petition to adopt E.
MATTINGLY, J., and BROOK, J., concur.