**George C. TATE, Appellant–Plaintiff,**

v.

**Tasha FENWICK, Appellee–Defendant.**

**No. 82A01–0111–CV–406.**

Court of Appeals of Indiana.

April 18, 2002.

Robert R. Faulkner, Evansville, IN, Attorney for Appellant.

Steven L. Bohleber, Evansville, IN, Attorney for Appellee.

## OPINION

ROBB, Judge.

George C. Tate appeals from the trial court's dismissal of his petition to modify child support. We affirm.

### Issue

Tate presents one issue for our review, namely whether the trial court erred in dismissing his petition to modify support for lack of jurisdiction.

### Facts and Procedural History

Tate and Tasha Fenwick are the parents of a minor child, C.M.T., born December 23, 1990. Tate resides in Kentucky where the original order of paternity was entered in 1992. Fenwick and the child moved to Evansville, Indiana, in approximately 1995, and continue to reside there. On December 4, 2000, the District Court of Union County, Kentucky, entered a child support order against Tate. On February 8, 2001, Tate filed a petition in Vanderburgh County, Indiana, requesting the court assume jurisdiction and modify the child support order. Fenwick filed a motion to dismiss Tate's petition for lack of jurisdiction.

After a hearing, the Indiana trial court denied Fenwick's motion to dismiss. Instead of dismissing the entire matter, the trial court registered the foreign child support order for enforcement purposes and then found it did not have jurisdiction to consider Tate's request to modify the order. Tate then brought this appeal, alleging the trial court did have jurisdiction to conduct a hearing on modification of the child support order.

### Discussion and Decision

#### I. Standard of Review

█ If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law. Under those circumstances no deference is afforded the trial court's conclusion because appellate courts independently, and without the slightest deference to trial court determinations, evaluate those issues they deem to be questions of law. *GKN Co. v. Magness,* 744 N.E.2d 397, 401 (Ind. 2001).

#### II. Subject Matter Jurisdiction

█ The trial court entered an order in the chronological case summary on July 30, 2001, as follows:

> Comes now the court and pursuant to I.C. 31–18–6–1 registers the child support order issued on 12/4/00 by the Union District Court of the Commonwealth of Kentucky. Therefore, respondent's motion to dismiss this cause of action is denied. Court denied petitioner's request for modification of Kentucky support order. Court finds that it does not have authority to modify the order under I.C. 31–18–6–11(A). The court further finds that under I.C. 31–18–2–5(D) an Indiana tribunal is required to "recognize the continuing, exclusive jurisdiction of a tribunal of another state that has issued a child support order under a law substantially similar to this article," and according to KRS 407.5205 the Kentucky court still has continuing, exclusive jurisdiction.

Appellant's Appendix at 3. This order was not a final, appealable order; thus, the trial court entered the following as a final order when Tate expressed his desire to appeal: "It is therefore ordered, adjudged and decreed that [Fenwick's] motion to dismiss is denied, that [Tate's] request for modification of Kentucky Support Order is denied as the court find that it lacks jurisdiction to modify same...." For our purposes, we shall consider the language in

the chronological case summary together with the final order.

Indiana Code section 31–18–6–10 permits enforcement of foreign child support orders; it also allows modification of those orders only if the requirements of section 31–18–6–11 are met. The trial court registered the Kentucky order for enforcement purposes but then based its conclusion that it did not have jurisdiction to modify support on section 31–18–6–11(a), which provides in part as follows:

(a) After a child support order issued in another state has been registered in Indiana, unless the provisions of section 13 of this chapter apply, the responding Indiana tribunal may modify the order only if, after notice and hearing, the responding tribunal finds that:

(1) the:

(A) child, individual obligee, and obligor do not reside in the issuing state;

(B) petitioner who is a nonresident of Indiana seeks modification; and

(C) respondent is subject to the personal jurisdiction of the Indiana tribunal....[1]

The requirements of 31–18–6–11(a)(1)(B) and (C) are met in this case; therefore, the trial court must have determined that since Tate, the obligor, continues to reside in the issuing state, the trial court did not have power to modify the order under 31–18–6–11(a)(1)(A). Similarly, the trial court made reference to Kentucky Revised Statute 407.5205, which provides in pertinent part as follows:

(1) A tribunal of this state issuing a support order consistent with the law of this state *has continuing, exclusive jurisdiction over a child support order:*

(a) *As long as this state remains the residence of the obligor,* the individual obligee, or the child for whose benefit the support order is issued; or

(b) Until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction....

(Emphasis supplied.) Under the Kentucky statute, which is substantially similar to the Indiana statute, Kentucky has continuing jurisdiction over the child support order because Tate, the obligor, continues to live in that state. Clearly, there is no evidence that Kentucky has refused to exercise its jurisdiction in this case. Thus, the trial court did not err in determining it did not have jurisdiction to modify the Kentucky order.

Tate argues the case of *Hoehn v. Hoehn,* 716 N.E.2d 479 (Ind.Ct.App.1999), is applicable here. We disagree. In that case, the Indiana trial court found it had subject matter jurisdiction to modify a Georgia child support order because the Indiana court had modified the child support order on three previous occasions.[2] Thus,

---

**1.** There is no indication in the record that either of the parties filed a written consent in the Union County, Kentucky, court to allow the Indiana court to assume jurisdiction pursuant to section 31–18–6–11(a)(2); nor does Tate argue the parties filed consents to Indiana assuming jurisdiction. In light of Fenwick's motion to dismiss the entire proceeding, we may reasonably assume she did not give her assent to the Indiana court assuming jurisdiction. Thus, the trial court must have determined that it could not modi-

fy the order based upon section 31–18–6–11(a)(1) and not based upon section 31–18–6–11(a)(2).

**2.** The first such modification took place after the Indiana court registered the Georgia order for enforcement purposes and found it had jurisdiction to consider the mother's modification petition; the father then sought modification of the Georgia order after the Indiana court determined it had jurisdiction.

Indiana became the state of continuing, exclusive jurisdiction under Indiana Code section 31–18–6–11(d) due to the previous modifications.[3] In this case, there are no previous modifications, and one party, namely Tate, continues to reside in Kentucky where the trial court thus has continuing, exclusive jurisdiction.

 Tate also argues that if "the Trial Court had no jurisdiction to modify the child support order it had no jurisdiction to register it for enforcement." Brief of Appellant at 4. However, Tate cites no authority in support of this argument. On the contrary, Indiana Code section 31–18–6–1 specifically provides for registration of foreign support orders for the purpose of enforcing those orders in Indiana. Indeed, his argument runs afoul of a main purpose of the Uniform Interstate Family Support Act (UIFSA), namely to simplify the collection of child support across state lines in today's highly mobile society. "UIFSA provide[s] a mechanism for cooperation between state courts in enforcing duties of support." *Stidham v. Whelchel,* 698 N.E.2d 1152, 1157 n. 1 (Ind.1998).

Finally, both parties devote some portion of their briefs to argument regarding whether there exists "a change of circumstances of a substantial and continuing nature as to make the terms of the order unreasonable" under Indiana Code section 31–16–8–1; that code section describes the circumstances under which modification of a support order is appropriate given that the court has jurisdiction to modify the support order. We do not reach that issue here because the Indiana trial court had no jurisdiction to consider whether a modification was appropriate under the parties' current circumstances.

*Conclusion*

The trial court did not err in determining it did not have jurisdiction to modify the Kentucky child support order.

Affirmed.

KIRSCH, J., and SULLIVAN, J., concur.

The two subsequent modifications were pursuant to joint petitions.

**3.** Section 31–18–6–11(d) provides that "[u]pon the modification of a child support order issued in another state, an Indiana tribunal becomes the tribunal of continuing, exclusive jurisdiction."