Chanel REYNOLDS, Appellant–Petitioner,

v.

Thomas (Jason) DEWEES, Appellee–Respondent.

No. 18A05–0303–JV–122.

Court of Appeals of Indiana.

Oct. 17, 2003.

which transferred custody of the parties' minor child, T.D., from Mother to Thomas (Jason) Dewees ("Father"). She argues that the court lacked jurisdiction to make a custody determination because a child in need of services ("CHINS") proceeding involving T.D. was pending in another court.

We affirm.

## FACTS AND PROCEDURAL HISTORY

In January 1998, Mother filed a petition in the Delaware Circuit Court ("the trial court") to establish the paternity of T.D., who was born in October 1996. In September 1998, Father stipulated to paternity, and by agreement of the parties Mother was awarded custody of T.D.

In June 1998, the Delaware County Office of Family and Children ("DCOFC") filed a petition in the county's juvenile court alleging that T.D. was a CHINS. T.D. subsequently was removed from Mother's home for failure to thrive, lack of supervision, and verbal abuse. In November 2000, the CHINS court temporarily placed T.D. with Father, and in December 2000 [1] it issued an order permanently placing T.D. with Father.

In August 2001, while the CHINS case was still pending in the juvenile court, Father filed a petition for change of custody in the trial court. The court awarded Father temporary custody of T.D. in September 2002, and, after a trial in November 2002 and January 2003, it granted Father's petition and awarded him permanent custody of T.D. Mother now appeals.

## DISCUSSION AND DECISION

Mother argues the trial court lacked jurisdiction to make a custody determina-

Alan K. Wilson, Public Defender, Muncie, IN, Attorney for Appellant.

Ronald E. McShurley, Muncie, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

Chanel Reynolds ("Mother") appeals the trial court's custody modification order

1. The court's findings of fact and conclusions thereon reflect that the CHINS court placed T.D. with Father in December 2000. The parties' briefs state the same. However, some witness testimony indicates that the CHINS court placed T.D. with Father in December 2001. *Transcript* at 86, 94, 138.

tion, and its judgment is void. We disagree.

The question of a court's jurisdiction is a question of law, and we afford no deference to the trial court's conclusion. *See Tate v. Fenwick,* 766 N.E.2d 423, 424 (Ind.Ct.App.2002). Rather, appellate courts independently evaluate issues of law. *Id.* We thus review Mother's jurisdictional issue de novo.

Mother asserts that "a long line of Indiana cases" establishes that the commencement of a CHINS proceeding vests that court with exclusive jurisdiction with respect to custody matters until the parties are discharged or the juvenile court transfers the cause. *Appellant's Brief* at 4. She argues that because the CHINS petition was still pending, the trial court had no jurisdiction to act on Father's petition to change custody. Her position, once wholly accurate, no longer is a correct statement of the law.

On July 1, 1999, IC 31–30–1–13 became effective. It states:

(a) Subject to subsection (b), a court having jurisdiction under IC 31–14 of a child custody proceeding in a paternity proceeding has concurrent original jurisdiction with another juvenile court for the purpose of modifying custody of a child who is under the jurisdiction of the other juvenile court because:

(1) the child is the subject of a child in need of services proceeding; or

(2) the child is the subject of a juvenile delinquency proceeding that does not involve an act described under IC 31–37–1–2.

(b) Whenever the court having child custody jurisdiction under IC 31–14 in a paternity proceeding modifies child custody as provided by this section, the modification is effective only when the juvenile court with jurisdiction over the

child in need of services proceeding or juvenile delinquency proceeding:

(1) enters an order approving the child custody modification; or

(2) terminates the child in need of services proceeding or the juvenile delinquency proceeding.

To date, no published decisions have applied or interpreted this statute. We do so now.

When a statute is clear and unambiguous on its face, we must examine and treat it as a whole, giving the statute its apparent and obvious meaning. *Egan v. Bass,* 644 N.E.2d 1272, 1274 (Ind.Ct. App.1994). The legislature is presumed to have in mind the history of the act and the decisions of the courts upon the subject matter of the legislation being construed. *Id.*

As Mother contends, there are a number of decisions holding that a juvenile court has exclusive jurisdiction to decide custody matters once a CHINS action commences. *See, e.g., In re C.S.,* 713 N.E.2d 863, 865 (Ind.Ct.App.1999); *In re B.W.,* 709 N.E.2d 370, 372 (Ind.Ct.App.1999); *Alexander v. Cole,* 697 N.E.2d 80, 82 (Ind.Ct.App.1998); *Matter of Guardianship of Bramblett,* 495 N.E.2d 798, 799 (Ind.Ct.App.1986). We presume that the legislature considered these decisions when it amended IC 31–30–1 to add section thirteen, which by its express terms gives a court having paternity jurisdiction concurrent original jurisdiction with a juvenile court to modify custody of a child, even when that child is the subject of a pending CHINS proceeding. IC 31–30–1–13(a). We also observe that the legislature contemporaneously amended IC 31–30–1–1, the introductory section of the article that outlines a juvenile court's original jurisdiction, to state that a juvenile court has exclusive original jurisdiction in CHINS proceedings except

as provided, *inter alia,* in IC 31–30–1–13.[2] By the General Assembly's amendments, it is clear that it intended to extend custodial decision-making authority to paternity courts during the pendency of a CHINS proceeding.[3]

We observe that Mother cites to *Fox v. Arthur,* 714 N.E.2d 305 (Ind.Ct.App.1999), which was decided after, but does not mention, the statutory amendments. In *Fox,* the Sullivan Circuit Court dissolved the parties' marriage, and the child's mother was awarded custody. Seven years later, the Greene County Office of Family and Children filed a CHINS petition in the Greene County Juvenile Court. Shortly thereafter, the child's father filed a petition to modify custody with the Sullivan Circuit Court. Eventually, acting on a petition to transfer the dissolution cause, the Greene Circuit Court consolidated the two proceedings (the dissolution and the CHINS), modified the custody arrangement, and dismissed the CHINS action. This court reversed, holding that once the CHINS action was filed, the Sullivan Circuit Court had no jurisdiction to entertain the father's petition to modify custody, and the Greene Circuit Court had no jurisdiction to transfer the dissolution cause or consolidate it with the CHINS proceeding. *Id.* at 308.

*Fox* is factually distinguishable from the present case because it is a dissolution, not a paternity, matter and further because it involves consolidation and transfer, which we do not face here. To the extent that it stands for the general proposition that once a CHINS petition is filed all other courts lose jurisdiction to act in custody matters, we decline to follow it in light of IC 31–30–1–12 and –13, which became effective just weeks prior to the *Fox* decision.

■ Mother also relies on *In re Adoption of E.B.,* 733 N.E.2d 4 (Ind.Ct.App. 2000), *trans. denied.* In that case, foster parents filed a petition to adopt E.B. in the St. Joseph Probate Court while a CHINS petition was pending in a juvenile court. The probate court denied their petition. This court, citing to *Fox,* affirmed, holding that "because the CHINS action was pending in juvenile court while [the foster parents] filed their petition to adopt in the Saint Joseph Probate Court, the probate court did not have jurisdiction to grant it." *E.B.,* 733 N.E.2d at 5. *E.B.* thus involved an adoption proceeding filed by third parties during the pendency of a CHINS proceeding, as opposed to a custody modification request filed by a father with whom the child had been placed in a pending CHINS action. In the present case IC 31–30–1–13 expressly provided the trial court with concurrent original jurisdiction allowing it to act on Father's modification request while the CHINS proceeding was pending; however, IC 31–30–1 does not provide equivalent concurrent jurisdiction to a probate court, and thus the probate court in *E.B.* lacked the jurisdiction to proceed on the adoption petition while the CHINS case was pending. Accordingly, our holding is not affected by the *E.B.*

---

**2.** Specifically, IC 31–30–1–1 grants a juvenile court exclusive original jurisdiction in certain enumerated proceedings, including a CHINS proceeding, except as provided in sections 9, 10, 12, and 13 of that chapter.

**3.** IC 31–30–1–12, also added in July 1999, grants similar authority to dissolution courts, stating that a court having jurisdiction of a child custody proceeding in a marriage dissolution has concurrent original jurisdiction with a juvenile court for purposes of modifying custody of a child who is under the jurisdiction of the juvenile court because, among other things, the child is the subject of a CHINS proceeding. *See* IC 31–30–1–12(a).

decision.[4]

Significantly, the authority of a court with paternity jurisdiction to modify child custody during the pendency of a CHINS action is not without limits. Subsection (b) of IC 31–30–1–13 provides in pertinent part that when a court having jurisdiction in a paternity proceeding modifies custody as provided in subsection (a), "the modification is effective only when the juvenile court with jurisdiction over the [CHINS] proceeding ... (1) enters an order approving the child custody modification; or (2) terminates the [CHINS] proceeding[.]"

Here, the DCOFC case worker, Pat Ergle, testified as follows:

Q: In the event [Father] is awarded custody of [T.D.] through these court proceedings, what will your department do with regard to the CHINS case that is still pending before Master Commissioner McLaren?

A: I've been instructed by Master Commissioner McLaren to file a Petition for Dismissal, and he will sign the Order in the CHINS proceeding.

Q: In the event [Father] receives custody with this Court?

A: That's correct.

*Appellant's Appendix* at 88. Although this testimony indicates that the CHINS action likely was dismissed after the trial court awarded custody to Father in January 2003, we do not know with certainty whether this, in fact, occurred. Thus, in affirming the trial court's modification from Mother to Father, we hold only that

IC 31–30–1–13 vested the trial court with the requisite jurisdiction to enter the order. Because of the limited information in the record before us concerning the status of the CHINS action, we do not, and indeed cannot, determine whether or when that modification became effective.

Affirmed.

BAILEY, J., and VAIDIK, J., concur.

---

**4.** We also independently note our disagreement with dicta recently appearing in *In re Paternity of R.A.F.*, 766 N.E.2d 718, 724 (Ind. Ct.App.2002), *trans. denied. R.A.F.* involved an inter-state jurisdictional contest between Arizona and Indiana, and it interpreted provisions of the Uniform Child Custody Jurisdiction Act. While distinguishing the inter-state nature of its jurisdictional issue, the court, citing to *Fox*, remarked, "In an *intra*-state

jurisdictional contest, when a CHINS proceeding is commenced, no other court may entertain a proceeding which conflicts with the CHINS court's exclusive jurisdiction." *R.A.F.*, 766 N.E.2d at 724 (emphasis in original). Although *R.A.F.* is factually distinguishable from the present case, and not particularly applicable to us, we nonetheless note our departure from its reference to a general rule that IC 31–30–1–13 modified in 1999.