

FILED
Jul 29 2015, 8:54 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

Raymond P. Dudlo
Bamberger, Foreman, Oswald and Hahn, LLP
Evansville, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re the Custody of: M.B. b/n/f Stephanie Choate and Dustin Choate, *Appellants-Petitioners,* v. Shalena Barnes and Stephen West, *Appellees-Respondents,* | July 29, 2015 Court of Appeals Case No. 65A04-1412-MI-607 Appeal from the Posey Circuit Court The Honorable James M. Redwine, Judge Cause No. 65C01-1407-MI-247 |

**Robb, Judge.**

# Case Summary and Issue

[1] Stephanie Choate and Dustin Choate appeal the dismissal of their independent action seeking emergency custody of Stephanie's niece, M.B., who had been

adjudicated a child in need of services ("CHINS") in a separate proceeding.[1] They raise two issues, one of which we find dispositive: whether the trial court erred in dismissing their action. Concluding the trial court did not err because it had no jurisdiction over a separate custody petition when a CHINS proceeding was pending in the juvenile court, we affirm.

## Facts and Procedural History

[2] M.B. was born out of wedlock to Shalena Barnes ("Mother") in 2011. M.B.'s paternity has never been legally established, although it appears to be undisputed that Steven West ("putative father") is her biological father. Stephanie Choate is West's sister, and she is married to Dustin.

[3] In January 2014, M.B. was found to be a CHINS in the juvenile court.[2] M.B. was made a ward of the Indiana Department of Child Services ("DCS") and placed in foster care with the goal of reunification with Mother. The Choates moved to intervene in the CHINS proceeding seeking to have M.B. placed with them. The juvenile court denied their motion.[3]

---

[1] Both the CHINS proceeding and this custody proceeding were filed in the Posey Circuit Court. When the Posey Circuit Court was acting in the CHINS proceeding, we will refer to it as the "juvenile court." When the Posey Circuit Court was acting in the custody proceeding, it will be referred to as the "trial court." Although it is the same court, it was acting in separate capacities with respect to these two proceedings.

[2] Mother's other two children were also adjudicated CHINS at this time.

[3] At the hearing in this case, the trial court noted that the evidence before the juvenile court showed "a great deal of animosity" existed between Mother and the Choates. Transcript at 26.

[4]     In July 2014, the Choates filed a Verified Emergency Petition for Custody in the trial court. The Choates alleged:

> 3. [They] seek custody of the minor child because said child has been removed from the Mother and Father's care and placed into foster care by [DCS] in Posey County. The minor child's father is unable to assume the care, custody, and control of her at this time and does not object to [the Choates'] request for custody of his daughter. The minor child's mother is incarcerated and is facing multiple criminal charges. [The Choates] have provided minor child's primary support and care since her birth. The minor child has been placed into foster care by the Posey County [DCS]. The DCS's permanency plan for the child is to remain in foster care until the mother is released from incarceration to pursue reunification with the Mother.
>
> 4. [The Choates] strongly believe that the minor child should not be forced to stay in foster care while [they] are fully able to assume the minor child's care, custody, and control.
>
> 5. [The Choates] seek full legal and physical custody of the minor child as the natural mother is incarcerated and the natural father is unable to assume the care and control of the minor child.

Appellant's [sic] Appendix at A4-A5.[4]

[5]     Following a hearing on this petition, the parties filed memoranda of law at the trial court's request addressing several issues of concern to the trial court. DCS

---

[4] The Choates' petition was given an MI cause number in the trial court. At the hearing in this proceeding, the parties and the trial court made numerous references to "the JP case" and it appears the Choates had intended to file their emergency petition for custody in an existing paternity cause. It was not until the end of the hearing that it was made clear there was no existing paternity case. *See* Tr. at 33 (counsel for DCS stating, "for clarification there is no JP cause at this time that exists," and counsel for the Choates replying, "I wish somebody would have informed me of that . . . so then a new JP action should be created.").

At the time the Choates filed their Emergency Motion for Custody, they also filed a Motion for Change of Venue from the Judge. Because of the resolution of this case, we need not discuss that motion in detail.

also filed a Motion to Dismiss. The trial court granted the Motion to Dismiss with the following order:

## I.

### Procedural History

In [three] Cause Numbers . . ., [DCS] opened a new cause concerning three siblings, including [M.B.], date of birth June 9, 2011. The cause at Bar was filed [July 8], 2014.

Paternity of [M.B.] has never been established. Steven West has asserted paternity and, based on DNA results, there is little likelihood Mr. West is not [M.B.'s] biological father. Mr. West has never supported [M.B.] in any way and was never married to [Mother]. As to Mother . . ., [M.B.] was determined to be a [CHINS] based on the record after an admission by Mother.

On April 30, 2014 putative father's sister, Stephanie Choate, and her husband, Dustin Choate, sought to intervene in the [CHINS] cause. After a hearing, the Court denied that motion June 9, 2014. The Choates did not appeal.

July 8, 2014 Mr. and Mrs. Choate filed a request for Emergency Custody . . . in this cause.

* * *

### III.

### Law

Stephanie and Dustin Choate cite *Reynolds v. Dewees*, [797 N.E.2d 798 (Ind. Ct. App. 2003)]. That was a paternity case wherein the father sought a change of custody in a pending paternity cause while a CHINS case was also pending involving the same child.

The Choates have no legal connection to [M.B.] by either marriage or established paternity. The case at Bar is not in the nature of a paternity matter, as the Choates cannot seek to establish paternity, and there is no pending paternity cause.

### Conclusion

The subject of this Complaint, [M.B.], is a child currently under the jurisdiction of this Court in another pending matter with which this MI

> cause conflicts. The Choates do not have standing to bring this separate, conflicting action.

> The Choates chose not to appeal the Court's denial of their intervention in the [CHINS] cause. They may not assert this MI cause as an alternative to an appeal.

> The reports of the Guardian Ad Litem and the evidence as determined by the Court in the [CHINS] cause established that neither [M.B.'s] best interests nor those of society would be served by a placement with the Choates. There is no reasonable likelihood the Choates could prevail on their claim. This cause is DISMISSED. There is no just cause for delay. This is a final, appealable order.

*Id.* at A24-A26. The Choates now appeal.

# Discussion and Decision

## I. Standard of Review[5]

DCS filed a motion to dismiss the Choates' motion for emergency custody in which it asserted that exclusive jurisdiction of the custody of M.B. was vested in the juvenile court and that no other court had jurisdiction to consider an independent action for custody. The trial court granted the motion to dismiss upon concluding that the Choates did not have standing to bring an independent action for custody that conflicts with the CHINS case. The

---

[5] Mother and putative father were named as the respondents in the Choates' action, and are named as the appellees in this appeal. Neither has filed a brief on appeal. When a party fails to file a response brief, we do not undertake the burden of developing arguments for the party, but instead apply a less stringent standard of review and may reverse if the appellant establishes prima facie error. *Jenkins v. Jenkins*, 17 N.E.3d 350, 351-52 (Ind. Ct. App. 2014). This rule relieves this Court of the burden of controverting arguments advanced in favor of reversal where that burden properly rests with the appellee, but we are still obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Id.* at 352.

question of a court's jurisdiction is a question of law. *In re B.J.N.*, 19 N.E.3d 765, 767 (Ind. Ct. App. 2014). As such, we owe no deference to the trial court's conclusions and independently evaluate the issue. *In re B.C.*, 9 N.E.3d 745, 751 (Ind. Ct. App. 2014).

## II. Jurisdiction over Custody of M.B.

[7]     The Choates filed an independent action in the trial court seeking custody of M.B. pursuant to Indiana Code section 31-17-2-3(2), which states that a child custody proceeding is commenced by "a person other than a parent filing a petition seeking determination of custody of the child." In *In re Custody of G.J.*, 796 N.E.2d 756, 762 (Ind. Ct. App. 2003), *trans. denied*, we held that section 31-17-2-3(2) "means what it says: any person 'other than a parent' may seek custody of a child by initiating an independent cause of action for custody that is not incidental to a marital dissolution, legal separation, or child support action." Thus, contrary to the trial court's finding, the Choates would have standing to seek custody of M.B. through an independent action.

[8]     However, Indiana Code section 31-30-1-1 provides that a juvenile court "has *exclusive original jurisdiction except* as provided in sections 9, 10, 12, and 13 of this chapter, in the following: . . . (2) Proceedings in which a child, including the child of divorced parents, is alleged to be a child in need of services under IC 31-34." (Emphasis added.) The Choates assert that this section "allows for a custody case to pend simultaneously with a CHINS case." Appellants' Brief at 10. To an extent, they are correct. Section 31-30-1-12 vests a court having

jurisdiction of a dissolution action with concurrent original jurisdiction with a juvenile court for the purpose of modifying custody of the child. However, as the Choates acknowledge, this section is not applicable to the proceeding before us, as M.B.'s mother and putative father have never been married. *See* Appellants' Brief at 12. Section 31-30-1-13 vests a court having jurisdiction of a paternity action with concurrent original jurisdiction with a juvenile court for the purpose of modifying custody of the child.[6] Again, the Choates acknowledge that section 31-30-1-13 is not applicable to the proceeding before us, as there is no paternity action pending. Appellants' Brief at 12. We also note, as the trial court did, that the Choates may not initiate a paternity action. *See* Ind. Code § 31-14-4-1 (describing the persons who may file a paternity action).

[9]     Nonetheless, relying on *Reynolds v. Dewees*, 797 N.E.2d 798 (Ind. Ct. App. 2003), the Choates argue that "Indiana law allows for a party to seek custody of a child during that child's active CHINS proceeding." Appellants' Brief at 12. *Reynolds* was decided under the rubric of the specific exception in section 31-30-1-1 extending custodial decision-making authority to paternity courts during a CHINS proceeding. 797 N.E.2d at 801. We held that a trial court in a paternity action had jurisdiction pursuant to section 31-30-1-13 to modify

---

[6] Sections 31-30-1-12 and -13 are the only sections cited by the Choates. Section 31-30-1-9 grants a felony court concurrent original jurisdiction with the juvenile court if there is probable cause to believe a child has committed a felony and has left the state; section 31-30-1-10 grants a circuit court concurrent original jurisdiction for the purpose of establishing paternity of a child to enforce a duty of support.

custody of a child while a CHINS proceeding was pending. *Id.* at 802.[7] Contrary to the Choates' contention, however, *Reynolds* does not stand for the proposition that *every* court has concurrent jurisdiction with a CHINS court over custody decisions. Rather, only those courts specifically granted concurrent jurisdiction by statute may exercise jurisdiction over the custody of a child during an ongoing CHINS proceeding.

[10] Custody of M.B. has already been determined by the CHINS court and has been granted to DCS. In other circumstances, the Choates' remedy if they wished to take custody of M.B. would be to seek modification of that custody determination through the CHINS case. However, in this particular case, they have already tried to do so and their petition to intervene was denied. They did not appeal that denial but instead initiated this action. Because none of the exceptions to the juvenile court's exclusive jurisdiction over the custody of M.B.

---

[7] We also noted in *Reynolds* that the jurisdiction granted by section 31-30-1-13 is not without limits. *Id.* Section 31-30-1-13(b) provides that when a court having jurisdiction in a paternity case modifies custody, the modification is effective only when the juvenile court approves the modification or terminates the CHINS proceeding. *See also* Ind. Code § 31-30-1-12(b) (stating the same when a court having jurisdiction in a dissolution case modifies custody). Thus, the statutes address the trial court's concern in this case about what would happen if it allowed the Choates' custody petition to proceed, granted a change of judge, and the new judge made a decision that conflicts with the decision already made in the CHINS case. *See* Tr. at 22 (trial court asking Choates' counsel: "You get a different Judge in your MI case and that Judge makes a different ruling tha[n] the [DCS] has recommended to the Court in the [CHINS] case. What is the public policy of that? Is that good for this child?").

apply to this case, however, the trial court had no jurisdiction over the Choates' independent custody action.[8]

# Conclusion

[11] The trial court had no jurisdiction to decide custody of M.B. in this independent action because that jurisdiction rests exclusively with the juvenile court in M.B.'s CHINS proceeding. The trial court's order dismissing the Choate's custody action is affirmed.

[12] Affirmed.

May, J., and Mathias, J., concur.

---

[8] To be clear, *no* trial court would have jurisdiction to entertain this independent custody action. Even if the Choates had been successful in obtaining a change of judge or had originally filed elsewhere, the result would be the same.