

FILED

Jun 08 2016, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nancy A. McCaslin
McCaslin & McCaslin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Robert J. Henke
Deputy Attorney General

David E. Corey
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of J.B. and L.B.: | June 8, 2016 |
| | Court of Appeals Case No. 20A05-1510-JC-1612 |
| J.J. (Mother), *Appellant-Respondent,* | Appeal from the Elkhart Circuit Court |
| v. | The Honorable Deborah Domine, Magistrate |
| The Indiana Department of Child Services, *Appellee-Petitioner.* | The Honorable Terry C. Shewmaker, Judge |
| | Trial Court Cause No. 20C01-1507-JC-82 20C01-1507-JC-83 |

**Vaidik, Chief Judge.**

# Case Summary

[1] J.J. (Mother) and G.B. (Father) shared custody of their children pursuant to a paternity court's custody order. When Mother, high on methamphetamine, got into a car accident with the children, the Indiana Department of Child Services placed the children with Father and filed a petition alleging that the children were in need of services. After Mother and Father admitted that the children were CHINS, the juvenile court entered an order that modified custody of the children pursuant to the custody-modification statutes—giving Father full custody and Mother supervised parenting time—and discharged the parties.

[2] While the juvenile court could enter a dispositional decree that removed the children from Mother and authorized DCS to place them with Father, as soon as the court discharged the parties, it lost jurisdiction. At this point, jurisdiction reverted to the paternity court, where the paternity court's joint custody order controlled. We therefore reverse and remand.

# Facts and Procedural History

[3] Mother and Father are the parents of J.B., born July 30, 2004, and L.B., born August 27, 2007.[1] Mother and Father were never married. Although the parties did not provide us with any records from the paternity case, it appears

---

[1] There is a third child, D.B., born June 28, 2010, but this appeal does not involve D.B., as D.B. was addressed separately. Accordingly, our reference to "children" includes only J.B. and L.B.

that Father established paternity to the children, and Elkhart Superior Court 6 awarded joint legal and physical custody of the children to Mother and Father under Cause No. 20D06-0802-JP-107.

[4] On July 12, 2015, Mother and the children were involved in a car accident. Mother was under the influence of methamphetamine and "black[ed] out" immediately before the accident, methamphetamine and needles were found in Mother's purse, and the children were not properly restrained. Tr. p. 8. Mother had been struggling with methamphetamine abuse for about a year.

[5] After someone reported the car accident to DCS, DCS began a preliminary inquiry. A detention hearing was held on July 27 in Elkhart Circuit Court, Juvenile Division. Also that day, DCS filed a petition alleging that the children were CHINS under Indiana Code section 31-34-1-1. Finding that it was "in the best interests of the children to be removed from [Mother's] care and home environment," the juvenile court placed the children with Father and set an initial hearing on the CHINS petition. Appellant's App. p. 31.

[6] At the August 3 initial hearing, Mother and Father each admitted that the children were CHINS. Specifically, Mother admitted that the children were CHINS based on the car accident and her drug use, which raised concerns for the children's safety. And Father admitted that the children were CHINS based on the fact that the children were not safe in Mother's care and he could not "restrict the children's visits with their mother" because they shared custody. *Id.* at 38. The juvenile court found that the children were CHINS and accepted

DCS's recommendation regarding services. *Id.* at 39. DCS had recommended services for Mother only. *Id.* at 43, 45. The juvenile court scheduled a dispositional hearing for September 3.

[7] But before the September 3 dispositional hearing, DCS filed a "Motion for Change of Custody," which alleged, based on the car accident, that there "has been a substantial change in one or more of the factors which the Court may consider under Indiana Code § 31-17-2-8[2] for purpose[s] of modifying custody under the order entered in Elkhart Superior Court 6." *Id.* at 57. DCS asked the juvenile court to give Father full custody of the children and to close the CHINS case. Tr. p. 32. The juvenile court held a hearing on September 3, following which it entered an order giving Father sole legal and physical custody of the children and Mother supervised parenting time. Appellant's App. p. 9. Although the juvenile court noted that the purpose of a CHINS case "is not to mediate a custody dispute," it found that there "has been a substantial change in one or more of the factors which the Court must consider in issuing custody orders as spelled out in I.C. § 31-17-2-8." *Id.* at 8-9. The juvenile court then discharged the children and parents and terminated the CHINS case, one month after the children were found to be CHINS. *Id.* at 9.

[8] Mother now appeals.

---

[2] Section 31-17-2-8 applies to modifications of custody in dissolution proceedings. In paternity proceedings, however, the relevant statute is Indiana Code section 31-14-13-6. Nevertheless, the dissolution and paternity statutes contain nearly identical language.

# Discussion and Decision

[9] Mother challenges the juvenile court's jurisdiction to modify custody of the children in the CHINS case. Juvenile courts have "exclusive original jurisdiction" over CHINS cases filed under Indiana Code article 31-34, except as provided in Indiana Code section 31-30-1-13. Ind. Code § 31-30-1-1.[3] Section 31-30-1-13(a), in turn, provides that a trial court that has jurisdiction of a child-custody proceeding in a paternity case has "concurrent original jurisdiction" with a CHINS court for purposes of modifying that child's custody.[4] In other words, Section 31-30-1-13 extends custodial decision-making to paternity courts during the pendency of CHINS proceedings. *Reynolds v. Dewees*, 797 N.E.2d 798, 801 (Ind. Ct. App. 2003); *see also In re M.B.*, No. 65S04-1604-MI-180 (Ind. Apr. 12, 2016) (addressing a trial court's jurisdiction in an independent action for custody when a CHINS case is pending in juvenile court).

[10] But this is not what happened here. Father did not file an independent action for custody in the paternity court, Elkhart Superior Court 6. Rather, DCS sought to modify Elkhart Superior Court 6's custody order in the CHINS court. After a child is found to be a CHINS, the juvenile court must hold a

---

[3] Section 31-30-1-1 lists other exceptions.

[4] Similarly, Indiana Code section 31-30-1-12(a) provides that a trial court that has jurisdiction of a child-custody, parenting-time, or child-support proceeding in a marriage dissolution has "concurrent original jurisdiction" with a CHINS court for purposes of modifying that child's custody.

dispositional hearing within thirty days to consider, among other things, "placement of the child." Ind. Code § 31-34-19-1(a). The juvenile court may enter several dispositional decrees, including: "Remove the child from the child's home and authorize the department to place the child in another home, shelter care facility, child caring institution, group home, or secure private facility." Ind. Code § 31-34-20-1(a)(3).

[11] "When the juvenile court finds that the objectives of the dispositional decree have been met, the court shall discharge the child and the child's parents, guardian, or custodian." Ind. Code § 31-34-21-11. The juvenile court's jurisdiction over a CHINS and over the child's parent, guardian, or custodian ends when the court discharges the child and the child's parent, guardian, or custodian. Ind. Code § 31-30-2-1(a)(1).

[12] While the juvenile court could enter a dispositional decree that removed the children from Mother and authorized DCS to place them with Father, as soon as the juvenile court discharged the parties, it lost jurisdiction. This meant that the CHINS court no longer had concurrent jurisdiction, and jurisdiction reverted to the paternity court, where the paternity court's joint custody order controlled. But because it appears that the juvenile court would not have discharged the parties and terminated the CHINS case had it not thought that Father was getting full custody, we reverse and remand this case for further proceedings.

[13] Reversed and remanded.

Barnes, J., and Mathias, J., concur.