907 N.E.2d 556 (2009)
C.C., Appellant-Respondent,
v.
STATE of Indiana, Appellee-Petitioner.
No. 49A02-0812-JV-1067.
Court of Appeals of Indiana.
June 5, 2009.
Michael E. Caudill, Caudill & Associates, Indianapolis, IN, Attorney for Appellant.
Gregory F. Zoeller, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

OPINION
CRONE, Judge.

Case Summary
C.C. appeals the juvenile court's true finding of dangerous possession of a firearm, a class A misdemeanor if committed by an adult. We affirm.

Issue
Did the trial court commit fundamental error by accepting jurisdiction in this case?

Facts and Procedural History
On the evening of July 13, 2008, brothers Brian and Michael Murdine left their house in their mother's van. They picked *557 up Ashley Baker and C.C. All four occupants of the van were juveniles. When C.C., age seventeen, got into the van, he was carrying a shotgun covered with a towel. He placed it on the floorboard between the two front seats. Later that night, Brian drove down an alley, stopped the van, picked up the shotgun, and got out of the van. Brian accidentally shot the gun into the ground.
At approximately 1:00 a.m. on July 14, 2008, Indianapolis Metropolitan Police received a report of shots fired. When officers arrived at the scene, witnesses said that someone had fired a shot in the alley north of their residence. They described two white males driving a green van with a gray stripe. An officer later stopped a van matching this description and ordered everyone to get out of the vehicle. C.C., age seventeen, exited first, and the officers asked him if there were any weapons in the van. C.C. stated that his shotgun was inside the van. Police searched the van and found the shotgun. The other occupants of the van told police that C.C. owned the gun.
On July 18, 2008, the State filed a petition alleging that C.C. was a delinquent child because he had committed dangerous possession of a firearm, a class A misdemeanor if committed by an adult, and operating a vehicle without a license, a class C misdemeanor if committed by an adult. Following an initial hearing on July 18, 2008, the juvenile court authorized the State to file these charges against C.C.
On July 22, 2008, C.C. filed a petition challenging the juvenile court's jurisdiction related to the firearm charge. C.C. argued that because the firearm statute was not specifically listed in Indiana Code Section 31-30-1-1 as one of the matters over which the juvenile court has exclusive original jurisdiction, the juvenile court in this case overextended its jurisdiction.
The juvenile court held a hearing on July 24, 2008, during which it heard argument on the jurisdiction issue. The juvenile court asked the parties to submit additional argument by July 30, 2008. On July 31, 2008, the trial court held another hearing and took the issue under advisement. On August 7, 2008, the court denied C.C.'s motion. On September 26, 2008, the trial court held a denial hearing. The State dismissed the driving without a license charge. After hearing the evidence, the juvenile court made a true finding against C.C. on the firearm charge. C.C. now appeals.

Discussion and Decision
C.C. contends that the juvenile court committed fundamental error by exercising jurisdiction over the State's charge of dangerous possession of a firearm. See Truax v. State, 856 N.E.2d 116, 122 (Ind.Ct.App.2006) (holding that where Indiana Code Section 31-30-1-4 divests juvenile court of jurisdiction, it was fundamental error for juvenile court not to transfer the case to criminal court). When jurisdictional facts are not in dispute, the question of whether a trial court had jurisdiction is reviewed de novo. Id. at 121. The juvenile court is a court of limited jurisdiction and may exercise its authority only in instances specifically designated by the legislature. Id. C.C. claims that the relevant statutes did not authorize the juvenile court to have jurisdiction in his case and that it should have transferred the case to criminal court.
The statute upon which the firearm charge is based, Indiana Code Section 35-47-10-5, states in relevant part that "[a] child who knowingly, intentionally, or recklessly... possesses a firearm for any purpose other than a purpose described in *558 section 1 of this chapter[[1]] ... commits dangerous possession of a firearm, a Class A misdemeanor. However, the offense is a Class C felony if the child has a prior conviction under this section." Indiana Code Section 31-37-1-2 states: "A child commits a delinquent act if, before becoming eighteen (18) years of age, the child commits an act that would be an offense if committed by an adult, except an act committed by a person over which the juvenile court lacks jurisdiction under IC 31-30-1." Indiana Code Section 31-30-1-4 specifies that the juvenile court does not have jurisdiction over individuals at least sixteen years old who are charged with certain crimes, including dangerous possession of a firearm by a child, "if charged as a felony[.]"
According to C.C., neither a misdemeanor nor a felony violation of Indiana Code Section 35-47-10-5 qualifies as a "delinquent act" because they would not be considered crimes if committed by an adult. The word "child" limits the statute's application to persons under the age of eighteen. See Ind.Code § 35-47-10-3. Moreover, if the violation is charged as a felony, then it is automatically removed from the juvenile court's jurisdiction pursuant to Indiana Code Section 31-30-1-4. The State counters that the statutes, as well as relevant legislative history, reveal the legislature's intent to include a misdemeanor firearm charge within the jurisdiction of the juvenile court. We agree.
Indiana Code Section 31-30-1-11 states in pertinent part as follows: "[I]f a court having criminal jurisdiction determines that a defendant is alleged to have committed a crime before the defendant is eighteen (18) years of age, the court shall immediately transfer the case ... to the juvenile court." This rule would appear to include a violation of Indiana Code Section 35-47-10-5. Moreover, Indiana Code Section 31-30-1-1, which lists the types of proceedings over which the juvenile court has exclusive original jurisdiction, includes the category of "[o]ther proceedings specified by law." Clearly, the legislature recognized that the list was not exhaustive and intended that juvenile jurisdiction extend to other laws applicable to children. In our view, Indiana Code Section 35-47-10-5 fits within this category.
Moreover, prior to 2008, Indiana Code Section 35-47-10-5 said that the juvenile court does not have jurisdiction over a child's alleged violation of "IC 35-47-10 (children and firearms)[.]" The legislature did not make a distinction between the possible felony and misdemeanor charges under that statute, although the title of Indiana Code Section 31-30-1-4 was (and remains) "Juvenile court lacks jurisdiction over individuals at least 16 years old committing certain felonies; retention of jurisdiction by court having adult criminal jurisdiction[.]" (Emphasis added.) The other crimes listed in the statute, including murder, kidnapping, rape, and carjacking, are chargeable only as felonies if committed by an adult.
In 2008, the General Assembly amended this statute. It now says that the juvenile court does not have jurisdiction over a child's alleged violation of dangerous possession of a firearm "if charged as a felony[.]" By specifically excluding the felony portion of Indiana Code Section 35-47-10-5 from juvenile jurisdiction, it follows that the misdemeanor portion is not excluded and thus is subject to juvenile jurisdiction. *559 As discussed above, it is one of the "[o]ther proceedings specified by law" over which the juvenile court has exclusive jurisdiction. Ind.Code § 31-30-1-1.
From a common sense standpoint, if we were to follow C.C.'s reasoning to its illogical conclusion, his misdemeanor violation of the firearm statute would not fall within the jurisdiction of either the juvenile court or the adult criminal court and thus would go unpunished. We do not think this was the legislature's intent. As the State points out, "[i]t is a rule of statutory interpretation that courts will not presume the legislature intended to do a useless thing or to enact a statute that is a nullity." N. Indiana Bank and Trust Co. v. State Bd. Of Finance, 457 N.E.2d 527, 532 (Ind. 1983).
For all these reasons, we find no fundamental error in the juvenile court's exercise of its jurisdiction in this case.
Affirmed.
BRADFORD, J., and BROWN, J., concur.
NOTES
[1] Indiana Code Section 35-47-10-1 exempts certain uses of firearms such as a child attending a hunter safety course or a firearms safety course or a child who is on real property that is under the control of the child's parent, adult family member, or legal guardian and has permission from that adult to possess the firearm.