## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 15 2019, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark F. James
Anderson, Agostino & Keller, P.C.
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| M.C.,<br>*Appellant-Respondent,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 15, 2019<br><br>Court of Appeals Case No.<br>18A-JV-2931<br><br>Appeal from the St. Joseph Probate Court<br><br>The Honorable James Fox, Judge<br><br>Trial Court Cause No.<br>71J01-1710-JD-354 |

**Robb, Judge.**

# Case Summary and Issue

[1] After the State filed a delinquency petition alleging M.C. committed child molesting, M.C. filed a motion to dismiss arguing the juvenile court lacked jurisdiction. The juvenile court denied the motion, adjudicated M.C. a delinquent, and entered a dispositional order placing M.C. on non-reporting probation. M.C. appeals, presenting one issue for our review which we restate as whether the juvenile court had subject matter jurisdiction over the proceedings. Concluding it did not, we reverse the judgment of the juvenile court.

# Facts and Procedural History

[2] On October 5, 2017, the State filed a delinquency petition alleging that M.C. had committed acts that, if committed by an adult, would be child molesting, a Class C felony,[1] between October 10, 2011 and January 5, 2013, during which time M.C. was over the age of fourteen but under eighteen years old. However, M.C. was twenty-two years old at the time the delinquency petition was filed with the juvenile court. Pursuant to Indiana Code section 31-30-3-2, the State filed a motion to waive jurisdiction to criminal court.

---

[1] *See* Ind. Code § 35-42-4-3(b) (2007) ("A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.").

[3]     M.C. subsequently filed a motion to dismiss the petition and a supporting memorandum arguing that the juvenile court lacked jurisdiction pursuant to Indiana Code sections 31-9-2-13 and 31-30-1-1.  He contended that when the statutes are read together, the juvenile courts do not have jurisdiction over a person who is twenty-one or older.  Therefore, because he was not charged until he was twenty-two, he argued the juvenile court did not have jurisdiction over him.

[4]     On July 13, 2018, the juvenile court denied M.C.'s motion to dismiss and concluded, in relevant part:

> [M.C.] raises issue with the definition of "child" for purposes of Title 31-37 outlined in IC 31-9-2-13 and IC 31-30-1-1 which outlines where a juvenile court has exclusive original jurisdiction. While the Court understands [M.C.'s] contention, this Court notes there are numerous definitions of "child" which appear elsewhere, and furthermore, for purposes of Title 31-37, this definition of "child" must be interpreted in conformity with the totality of cases which could appear before the juvenile court, including crimes committed by individuals under the age of eighteen (18) with no upper age limit as contemplated by IC 31-30-1-11.

Appellant's Appendix, Volume 2 at 27.  A hearing on the State's motion for waiver was held on October 2, 2018 and the juvenile court also denied that motion.

[5]     On October 10, 2018, the juvenile court entered an order accepting M.C.'s admission to the allegations set forth in the delinquency petition and M.C. was

adjudicated a delinquent. In November 2018, the juvenile court entered a dispositional order placing M.C. on non-reporting probation. M.C. was also ordered to continue with outpatient therapy, provide verification of such participation, maintain full-time employment, pay an administrative fee, and was prohibited from direct or indirect contact with the victim of the crime. M.C. now appeals.

# Discussion and Decision

## I. Standard of Review

[6] Indiana courts must possess subject matter jurisdiction and personal jurisdiction to adjudicate a case. *Johnson v. State*, 957 N.E.2d 660, 662 (Ind. Ct. App. 2011). Subject matter jurisdiction concerns whether a particular court has jurisdiction over the general class of actions to which the particular case belongs. *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000). Personal jurisdiction is the power of a court to bring a person into its adjudicative process and render a valid judgment over a person, which requires effective service of process. *Johnson*, 957 N.E.2d at 662. A judgment rendered without subject matter jurisdiction or personal jurisdiction is void. *Id*. at 662-63.; *see also Troxel*, 737 N.E.2d at 749 ("When a court lacks jurisdiction of the subject matter, its actions are void ab initio and have no effect whatsoever.").

[7] Juvenile courts are courts of limited jurisdiction and their jurisdiction must be invoked by establishing the statutory jurisdictional prerequisites. *M.B. v. State*, 815 N.E.2d 210, 213 (Ind. Ct. App. 2004). "When jurisdictional facts are not in

dispute, we apply a de novo standard of review on the question of whether a lower court had jurisdiction over a juvenile proceeding." *Id.*

# II. Jurisdiction

M.C. argues the juvenile court did not have jurisdiction over him because he was over the age of twenty-one at the time the delinquency petition was filed. The State agrees the juvenile court lacked jurisdiction.

A juvenile court has exclusive original jurisdiction over a proceeding in which a "child" is alleged to be delinquent under juvenile law. Ind. Code § 31-30-1-1(1). For purposes of the juvenile law, a "child" is defined as:

> (1) a person who is less than eighteen (18) years of age;
>
> (2) a person:
>
>> (A) who is eighteen (18), nineteen (19), or twenty (20) years of age; and
>>
>> (B) who either:
>>
>>> (i) is charged with a delinquent act committed before the person's eighteenth birthday; or
>>>
>>> (ii) has been adjudicated a child in need of services before the person's eighteenth birthday; or
>
> (3) a person:

(A) who is alleged to have committed an act that would have been murder if committed by an adult;

(B) who was less than eighteen (18) years of age at the time of the alleged act; and

(C) who is less than twenty-one (21) years of age.

Ind. Code § 31-9-2-13(d).

[10] The age of the offender determines whether a juvenile court has subject matter jurisdiction. *Twyman v. State*, 459 N.E.2d 705, 708 (Ind. 1984). It is clear from the definitional statute that the juvenile court's jurisdiction in delinquency proceedings is limited to cases involving those under age twenty-one. *See* Ind. Code § 31-9-2-13(d). Applied here, M.C. was not under the age of eighteen at the time the petition was filed; although the delinquent act was committed when M.C. was under eighteen, he was not eighteen, nineteen, or twenty years old when the petition was filed; and he is alleged to have committed the crime of child molesting, not murder. *See id*. Although the alleged delinquent act occurred when M.C. was seventeen, he was twenty-two at the time the petition was filed and cannot be considered a "child" under Indiana Code section 31-9-2-13. Therefore, we agree with M.C. and the State that the juvenile court was without subject matter jurisdiction at the time it adjudicated M.C. delinquent and entered a disposition, and its judgment is void. *See Johnson*, 957 N.E.2d at 662-63.

# Conclusion

[11] For the reasons set forth above, we conclude the juvenile court did not have subject matter jurisdiction at the time it adjudicated M.C. a delinquent and entered a disposition. Accordingly, we reverse the judgment of the juvenile court.

[12] Reversed.

Baker, J., and Najam, J., concur.