

FILED

Nov 18 2019, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel C. Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief, Criminal
Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

D.P.,

*Appellant-Respondent*,

v.

State of Indiana,

*Appellee-Petitioner*.

November 18, 2019

Court of Appeals Case No.
19A-JV-690

Appeal from the Putnam Circuit
Court

The Honorable Matthew L.
Headley, Judge

Trial Court Cause No.
67C01-1901-JD-3

**Brown, Judge.**

[1] D.P. appeals the denial of his motion to dismiss a delinquency petition after D.P. reached twenty-one years of age. We affirm.

*Facts and Procedural History*

[2] On January 9, 2019, the State filed a delinquency petition alleging that in 2012, when D.P. was sixteen years old, he committed an act that would constitute child molesting as a class B felony if committed by an adult. The next day, the State filed a motion to waive juvenile jurisdiction pursuant to Ind. Code § 31-30-3-5.

[3] On January 15, 2019, the court held a hearing at which D.P. indicated he is a twenty-three-year-old adult. D.P.'s counsel indicated that D.P. would admit the allegations, and the court stated it would not accept the admission with a pending motion to transfer the matter to adult court. The court entered an order approving the filing of the delinquency petition.

[4] On February 11, 2019, D.P. filed a motion to dismiss alleging that the court had no subject matter jurisdiction over him at the time the delinquency petition was filed because he was twenty-three years old. He asserted that Ind. Code § 31-30-1-1 provides "exclusive original jurisdiction" over proceedings when a person is alleged to be a delinquent child, but that the jurisdiction continues only until "the child becomes 21 years of age." Appellant's Appendix Volume II at 7.

[5] At the February 12, 2019 hearing, the court asked D.P.'s counsel, "are you saying that the State also could not file a charge, a criminal charge against him

because he was under the age of 18?" Transcript Volume II at 17. Counsel answered:

> Well, once again, the exclusive jurisdiction over crimes committed by juveniles lies with the juvenile court. If the State waits until the juvenile ages out of the system, not only does the juvenile court lose jurisdiction, it doesn't suddenly revert to the adult criminal court because they have no jurisdiction under – over crimes committed as a juvenile. So, yes, they – by sitting on the case for six years, that's what the result is.

*Id.* The prosecutor asserted that D.P.'s counsel was "basically imposing a statute of limitations on child molest allegations" and argued that the offense was recently disclosed. *Id.*

[6] On February 26, 2019, the court denied D.P.'s motion to dismiss finding that it had original jurisdiction because the allegation occurred when D.P. was sixteen years old and that the prosecutor properly filed the delinquency petition and had the right to file a waiver request pursuant to Ind. Code §§ 31-30-3. The order states:

> The suggestion by the child that the juvenile court does not have jurisdiction is a non-starter. I.C. 31-30-2-1 deals with <u>continuing</u> juvenile jurisdiction until 21 (that a child has <u>previously</u> been adjudicated a delinquent <u>and</u> upon his 21st birthday, the juvenile court's jurisdiction loses further jurisdiction, [sic] which fact pattern is not present here).
>
> This case is really no different procedurally when, for instance, law enforcement/prosecutor files a delinquency petition on a person who is 18 or 19 years old, yet the offense <u>occurred</u> when the person was less than 18. In such an instant, the prosecutor

> would still have the opportunity to file/request a waiver into adult court or not (just as he would generally with any 16 or 17 year old).

> It would be against public policy and legislative intent for the court to grant the Motion to Dismiss. If the court were to grant the Motion to Dismiss, that would mean that the statute of limitations for this type of crime for an 18 year old suspect would be approximately 20 years, while for a 17 year old the limitation would be 4 years – clearly not the intent and full reading of the statutes.

Appellant's Appendix Volume II at 10. The court certified the order for interlocutory appeal.

### *Discussion*

[7]  D.P. argues that the juvenile court did not have jurisdiction over him or the delinquency petition. He relies upon *M.C. v. State*, 127 N.E.3d 1178 (Ind. Ct. App. 2019). He also asserts that Ind. Code § 31-30-1-4 provides that the juvenile court does not have jurisdiction over an individual for an alleged violation of certain offenses and does not include his alleged offense as one of those offenses, "which means that our legislature did not intend for the adult statute of limitations to apply to" him. Appellant's Brief at 9. He asserts that youth is a time of immaturity, irresponsibility, impetuousness, and recklessness, and contends that "[i]t is highly probable that our legislature, recognizing these qualities of children, intended that adults not be prosecuted for the crimes of their youth, except in rare circumstances, contrary to what the juvenile court determined here." *Id.* at 10. The State contends that the juvenile court had

jurisdiction to waive the case to adult court, that, if the juvenile court lacks jurisdiction, the criminal court must have it, and that the purpose and intent of the juvenile system supports the juvenile court's reading of the statutes.

[8] This case requires us to interpret certain statutory provisions. When interpreting a statute, we independently review a statute's meaning and apply it to the facts of the case under review. *Bolin v. Wingert*, 764 N.E.2d 201, 204 (Ind. 2002). If a statute is unambiguous, we must give the statute its clear and plain meaning. *Id.* A statute is unambiguous if it is not susceptible to more than one interpretation. *Elmer Buchta Trucking, Inc. v. Stanley*, 744 N.E.2d 939, 942 (Ind. 2001). If a statute is susceptible to multiple interpretations, we must try to ascertain the legislature's intent and interpret the statute so as to effectuate that intent. *Bolin*, 764 N.E.2d at 204. We presume the legislature intended logical application of the language used in the statute, so as to avoid unjust or absurd results. *Id.* A statute should be examined as a whole, avoiding excessive reliance upon a strict literal meaning or the selective reading of individual words. *Mayes v. Second Injury Fund*, 888 N.E.2d 773, 776 (Ind. 2008).

[9] We also observe that the question of a court's jurisdiction is a question of law, and we afford no deference to the trial court's conclusion. *Reynolds v. Dewees*, 797 N.E.2d 798, 800 (Ind. Ct. App. 2003). To render a valid judgment, a court must have both subject matter jurisdiction and personal jurisdiction. *Buckalew v. Buckalew*, 754 N.E.2d 896, 898 (Ind. 2001). The question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs. *K.S. v. State*, 849

N.E.2d 538, 542 (Ind. 2006) (citing *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000), *reh'g denied*).

[10] The Indiana Supreme Court has held that, "[a]lthough the legislature vested both the juvenile court and the criminal court with 'original exclusive jurisdiction,' it is not difficult to imagine instances in which both would have subject matter jurisdiction over a given case." *Twyman v. State*, 459 N.E.2d 705, 708 (Ind. 1984). "When a juvenile commits acts which would constitute a crime if he were an adult, he commits an act of delinquency, but he has also committed the elements of a crime." *Id.* "The age of the offender is determinative of subject matter jurisdiction in the juvenile court, however, it is merely a restriction on the personal jurisdiction possessed by a criminal court." *Id.*

[11] Ind. Code § 31-30-1-1 provides that "[a] juvenile court has exclusive original jurisdiction . . . in . . . [o]ther proceedings specified by law," Ind. Code § 31-30-1-4, specifies that a juvenile court lacks jurisdiction over certain offenses but does not list the relevant allegation of child molesting as a class B felony, Ind. Code § 31-30-3-5, provides "[e]xcept for those cases in which the juvenile court has no jurisdiction in accordance with IC 31-30-1-4, the court shall, upon motion of the prosecuting attorney and after full investigation and hearing, waive jurisdiction" under certain circumstances. Ind. Code § 31-30-1-11, provides that if a court having criminal jurisdiction determines that a defendant is alleged to have committed a crime before the defendant is eighteen (18) years of age, the court shall immediately transfer the case to the juvenile court. In

light of these statutory provisions, we conclude that the juvenile court had jurisdiction to determine whether D.P. should be waived to adult criminal court.[1] We cannot say it was the legislature's intent for an act that would constitute child molesting as a class B felony if committed by an adult to go entirely unpunished. *See C.C. v. State*, 907 N.E.2d 556, 559 (Ind. Ct. App. 2009) ("From a common sense standpoint, if we were to follow C.C.'s reasoning to its illogical conclusion, his misdemeanor violation of the firearm statute would not fall within the jurisdiction of either the juvenile court or the adult criminal court and thus would go unpunished. We do not think this was the legislature's intent.").[2]

[12] For the foregoing reasons, we affirm the juvenile court's order.

[13] Affirmed.

Altice, J., and Tavitas, J., concur.

---

[1] An entry in the treatise, "Rights of Juveniles," states that "[t]he draftsmen of the Model Penal Code suggest that the age at the time of commission of the offense is most relevant because of the child's diminished capacity at that time to commit the wrong," and cites Ind. Code § 31-30-1-11, which is mentioned above, and Ind. Code § 31-37-1-1, which provides that "[a] child is a delinquent child if, before becoming eighteen (18) years of age, the child commits a delinquent act described in this chapter," for the conclusion that "[m]ost jurisdictions ostensibly take the approach suggested in the Model Penal Code." SAMUEL M. DAVIS, RIGHTS OF JUVENILES, § 2:3 (2019 ed.).

[2] We cannot say that our conclusion conflicts with *M.C. v. State*, 127 N.E.3d 1178 (Ind. Ct. App. 2019). In that case, we agreed with M.C. and the State that the juvenile court was without subject matter jurisdiction at the time it adjudicated M.C. delinquent and entered a disposition when, although the alleged delinquent act occurred when M.C. was seventeen, he was twenty-two at the time the petition was filed and could not be considered a "child" under Ind. Code § 31-9-2-13. 127 N.E.3d at 1181. Unlike in *M.C.*, the juvenile court here did not adjudicate D.P. a delinquent and enter a disposition. Rather, it merely entered an order approving the filing of the delinquency petition and scheduled a hearing on the motion to waive juvenile jurisdiction. Thus, we find *M.C.* distinguishable.