

FILED

Jan 10 2020, 6:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Assistant Section Chief, Criminal Appeals
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Leanna Weissmann
Lawrenceburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

v.

N.B.,

*Appellee-Defendant,*

January 10, 2020

Court of Appeals Case No.
19A-JV-1659

Appeal from the Madison Circuit
Court

The Honorable G. George Pancol,
Judge

Trial Court Cause No.
48C02-1811-JD-390

**Robb, Judge.**

## Case Summary and Issue

[1] The State filed a delinquency petition alleging that N.B. had committed acts that, if committed by an adult, would constitute child molesting, a Class B felony, and also filed a petition to waive juvenile jurisdiction. N.B. filed a motion to dismiss for lack of subject matter jurisdiction due to his age, and the juvenile court granted the motion. The State appeals and presents one issue for our review, which we restate as whether the juvenile court had subject matter jurisdiction to entertain the State's delinquency petition and request for waiver of juvenile jurisdiction. Concluding the juvenile court had jurisdiction to entertain the petition and determine whether N.B. should be waived to adult criminal court, we reverse and remand for further proceedings.

## Facts and Procedural History

[2] In June 2018, T.C. informed her therapist that her cousin, N.B., had fondled her vagina about six years prior. T.C. stated that N.B. had been fifteen or sixteen at the time of the offense and, at the time of her disclosure, N.B. was twenty-one or twenty-two years old. Law enforcement began investigating T.C.'s allegations.

[3] On November 5, 2018, the State filed a request for authorization to file a petition alleging that N.B. is a delinquent child for committing acts that, if committed by an adult, would constitute child molesting. *See* State's Appendix of Appellant, Volume II at 13. The same day, the juvenile court approved the

request and the State filed its petition alleging delinquency. On November 13, N.B. pleaded guilty to criminal confinement resulting in bodily injury, a Level 5 felony, in an unrelated matter.[1] The State subsequently filed a motion for waiver of juvenile jurisdiction and the juvenile court scheduled a hearing on the matter.

[4] While the State's motion was pending, on February 26, 2019, the State filed an amended motion for waiver of juvenile jurisdiction asserting that N.B. was a child who had been previously convicted of a felony – specifically, N.B. had been convicted of criminal confinement resulting in bodily injury, a Level 5 felony, on November 13, 2018. *See id*. at 33.[2] The State subsequently submitted a brief in which it argued that, due to N.B.'s prior felony conviction, the juvenile court must waive N.B. to adult criminal court pursuant to Indiana Code section 31-30-3-6.[3] *See id*. at 48-49. The scheduled waiver hearing was continued several times.

[5] On May 24, 2019, N.B. filed a motion to dismiss alleging that the juvenile court lacked jurisdiction over him because he cannot be considered a "child" under

---

[1] In March 2017, N.B. was charged with rape, incest, and sexual battery for acts allegedly committed against his mother when he was nineteen years old. *See* State's Appendix of Appellant, Volume II at 55-58. However, on November 13, 2018, N.B. pleaded guilty to an amended charge of criminal confinement and the remaining charges were dismissed. *See id*. at 54.

[2] The State did not explicitly state in its amended motion that this conviction compelled mandatory waiver to adult criminal court.

[3] "Upon motion by the prosecuting attorney, the juvenile court *shall* waive jurisdiction if it finds that: (1) the child is charged with an act which would be a felony if committed by an adult; and (2) the child has previously been convicted of a felony or a nontraffic misdemeanor." Ind. Code 31-30-3-6 (emphasis added).

the delinquency statute as he was no longer under age twenty-one. *See id*. at 66. Therefore, N.B. argued that the juvenile court lacked personal jurisdiction over him and the court "may not proceed in this matter and must dismiss it with prejudice." *Id*. at 68.[4] N.B. attached to his motion a copy of this court's decision in *M.C. v. State*, 127 N.E.3d 1178 (Ind. Ct. App. 2019), in which a panel of this court agreed with the parties that the juvenile court lacked subject matter jurisdiction to adjudicate a twenty-two year old defendant delinquent and enter a disposition. The State filed a response and argued the following:

> 4.    [N.B.] cites the case of *M.C. v. State* as support for his Motion to Dismiss which is inapplicable to the case at bar.
>
> 5.    *M.C. [v]. State* merely stands for the proposition that the juvenile court lacks jurisdiction to enter an adjudication against an adult over the age of twenty-one (21) years of age.
>
> 6.    The State of Indiana is not seeking an adjudication of [N.B.] in this case.
>
> 7.    This case is a mandatory waiver matter pursuant to I.C. 31-30-3-6.

State's App. of Appellant, Vol. II at 81. The juvenile court held a hearing on June 18 and took the matter under advisement. The juvenile court

___

[4] Although the substance of N.B.'s argument with respect to the juvenile court's jurisdiction remains unchanged, we note that N.B. argued to the juvenile court that it lacked *personal* jurisdiction over him, but argues on appeal that the juvenile court lacked *subject matter* jurisdiction.

subsequently entered an order in which it found that it lacked subject matter jurisdiction in the matter and granted N.B.'s motion to dismiss. The State now appeals.

# Discussion and Decision

## I. Standard of Review

[6] The State appeals from the juvenile court's grant of N.B.'s motion to dismiss for lack of subject matter jurisdiction. Juvenile courts are courts of limited jurisdiction and their jurisdiction must be invoked by establishing the statutory jurisdictional prerequisites. *M.B. v. State*, 815 N.E.2d 210, 213 (Ind. Ct. App. 2004). "When jurisdictional facts are not in dispute, we apply a de novo standard of review on the question of whether a lower court had jurisdiction over a juvenile proceeding." *Id*.

## II. Subject Matter Jurisdiction

[7] The State argues the juvenile court improperly granted N.B.'s motion to dismiss because the juvenile court did have subject matter jurisdiction to determine whether waiver of jurisdiction is appropriate. Further, the State maintains that if the juvenile court lacks jurisdiction, then jurisdiction must rest with the criminal court. Relying on *M.C. v. State*, N.B. argues the juvenile court loses all jurisdiction over juvenile offenses after the offender becomes twenty-one years old. We agree with the State.

[8]     The issue here stems from an apparent confusion between the juvenile court's jurisdiction to *enter an adjudication* against an adult defendant and its ability to *accept and entertain* a delinquency petition and waiver to adult court. Our court recently clarified this very issue in *D.P. v. State*, a nearly identical case handed down after the parties in this case submitted their briefs.[5] No. 19A-JV-690, 2019 WL 6109276, at *2, *3 (Ind. Ct. App. Nov. 18, 2019). There, the State had filed a delinquency petition alleging that when D.P. was sixteen years old, he committed an act that would constitute child molesting as a Class B felony if committed by an adult; the State also filed a request to waive jurisdiction to adult criminal court. *Id.* at *1. At the time the State filed its petition, D.P. was twenty-three years old. *Id.* In response, D.P. filed a motion to dismiss arguing that the juvenile court lacked subject matter jurisdiction over him because he was twenty-three years old at the time the petition was filed. *Id.* Specifically, he argued that, pursuant to Indiana Code section 31-30-1-1, the juvenile court has exclusive original jurisdiction over proceedings when a person is alleged to be a delinquent child; however, the juvenile court's jurisdiction continues only until the child becomes twenty-one years old. *Id.* The juvenile court denied D.P.'s motion, finding that it had original jurisdiction because the alleged crime occurred when D.P. was sixteen years old and the State properly filed a

---

[5] Indiana Appellate Rule 48 states, "[w]hen pertinent and significant authorities come to the attention of a party after the party's brief or Petition has been filed, . . . a party *may* promptly file with the Clerk a notice of those authorities setting forth the citations." (emphasis added). Although discretionary, we note that neither party availed itself of the opportunity to present this significant precedent, which would have aided in our review of this case.

delinquency petition and requested waiver to adult court. *Id*. In its order, the

juvenile court found,

> It would be against public policy and legislative intent . . . to grant [D.P.'s motion]. If the court were to grant the [motion], that would mean that the statute of limitations for this type of crime for an 18 year old suspect would be approximately 20 years, while for a 17 year old the limitation would be 4 years – clearly not the intent and full reading of the statutes.

*Id*. at *2. Relying on *M.C. v. State*, D.P. appealed and asserted that the juvenile

court did not have subject matter jurisdiction over him due to his age. *Id*. The

State argued that the juvenile court had jurisdiction to waive the case to adult

criminal court and if the juvenile court lacked jurisdiction, the criminal court

must have it. *Id*.

[9] A panel of this court held the juvenile court had subject matter jurisdiction to

determine whether to waive D.P. to adult court and reasoned:

> Ind. Code § 31-30-1-1 provides that "[a] juvenile court has exclusive original jurisdiction . . . in . . . [o]ther proceedings specified by law," Ind. Code § 31-30-1-4, specifies that a juvenile court lacks jurisdiction over certain offenses but does not list the relevant allegation of child molesting as a class B felony, Ind. Code § 31-30-3-5, provides "[e]xcept for those cases in which the juvenile court has no jurisdiction in accordance with IC 31-30-1-4, the court shall, upon motion of the prosecuting attorney and after full investigation and hearing, waive jurisdiction" under certain circumstances. Ind. Code § 31-30-1-11, provides that if a court having criminal jurisdiction determines that a defendant is alleged to have committed a crime before the defendant is eighteen (18) years of age, the court shall immediately transfer

the case to the juvenile court. In light of these statutory provisions, we conclude that the juvenile court had jurisdiction to determine whether D.P. should be waived to adult criminal court. We cannot say it was the legislature's intent for an act that would constitute child molesting as a class B felony if committed by an adult to go entirely unpunished. *See C.C. v. State*, 907 N.E.2d 556, 559 (Ind. Ct. App. 2009) ("From a common sense standpoint, if we were to follow C.C.'s reasoning to its illogical conclusion, his misdemeanor violation of the firearm statute would not fall within the jurisdiction of either the juvenile court or the adult criminal court and thus would go unpunished. We do not think this was the legislature's intent.").

*Id*. at *3 (footnotes omitted). Further, the court noted that *M.C.* was distinguishable because the juvenile court did not adjudicate D.P. a delinquent and enter a disposition; it "merely entered an order approving the filing of the delinquency petition and scheduled a hearing on the motion to waive juvenile jurisdiction." *Id*. at *3 n.2. Such is the case here.

[10] *M.C.* concerned the juvenile court's ability to adjudicate a defendant over age twenty-one a delinquent child and enter a disposition, 127 N.E.3d at 1178, whereas *D.P.* and this case concern the juvenile court's ability to entertain a delinquency petition and waive juvenile jurisdiction, 2019 WL 6109276, at *2. Together *M.C. and D.P.* stand for the proposition that a juvenile court has subject matter jurisdiction to *entertain* a delinquency petition and *waive* a defendant to adult criminal court but *does not* have jurisdiction to *adjudicate* a defendant over age twenty-one a delinquent child and *enter* a disposition.

Applying that proposition here, we conclude the juvenile court in this case had subject matter jurisdiction to entertain the State's delinquency petition and determine whether to waive N.B. to adult criminal court. The juvenile court, however, would not have jurisdiction to adjudicate N.B. a delinquent and enter a disposition.

# Conclusion

We conclude the juvenile court had jurisdiction to accept and entertain the State's delinquency petition and determine whether N.B. should be waived to adult criminal court. Therefore, the juvenile court erred in granting N.B.'s motion to dismiss for lack of subject matter jurisdiction. Accordingly, we reverse the juvenile court's judgment and remand to the juvenile court with instructions to rule on the State's motion for waiver.

Reversed and remanded.

Bradford, C.J., and Altice, J., concur.